MARGARET GIBBONS v. JOHN DUNN—SAME v. WILLIAM DUNN—SAME v. MICHAEL DUNN.

*Burden of proving grantor's incompetency.*

On a bill to set aside a deed for the grantor's incompetency, the burden of proving incompetency is upon the complainant, whose case fails if the evidence is so evenly balanced as to leave the question in doubt.

Appeals from Wayne. Submitted Apr. 7. Decided June 8.

BILLS to set aside deeds. Defendants appeal. Reversed; bills dismissed.

*Moore & Moore* and *Charles M. Swift* for complainant.

*Levi T. Griffin* (*Griffin, Dickinson, Thurber & Hosmer*) for defendants.

MARSTON, C. J. The complainant seeks to have a deed executed by her father in 1869 to the defendant set aside because of the incompetency of the grantor at the time of executing the instrument.

In 1874 complainant's father conveyed a certain other description of land to another son, William Dunn, and the same year a third piece of land to his son Michael Dunn. Separate bills were filed against each of these parties to have these deeds set aside and for the same reason, and in each case a decree was rendered in favor of complainant, from which appeals were taken by the defendant in each case.

The cases were heard together upon pleadings and proofs. A large number of witnesses were examined in favor of the complainant, and the evidence given by them tended very strongly to show that the grantor, now deceased, was at the time of executing the conveyances in question incompetent and not capable of doing any business. On the part and behalf of defendants a still larger number of witnesses were called who, many of them having had equal opportunities with those called by complainant, agree in saying that at the time these several instruments were executed the grantor was fully capable and competent to do business, and they testify to having seen and had conversations with him, and some of them to doing business with him.

In my opinion the weight of the testimony is in favor of the grantor's competency and the validity of the conveyances. The burthen of proving incompetency is upon the complainant, and if the case was left in doubt, she must fail, as conveyances, when made and acted upon, should not be set aside upon slight and uncertain evidence.

I am of opinion that the decrees in the court below should be reversed, and a decree entered in each case, dismissing the bill of complaint with costs.

The other Justices concurred.